# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| DAYA TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:16cv991-MHT-WC |
| | ) |
| TUSKEGEE UNIVERSITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on Defendants' partial motion to dismiss (Doc. 11) Plaintiff's original complaint, Plaintiff's response in opposition to same and motion for leave to file an amended complaint (Doc. 25), and Defendants' response in partial opposition to Plaintiff's motion to amend (Doc. 26). The District Judge referred this case to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." Order (Doc. 28). For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS that Defendant's motion to dismiss be DENIED as moot, and that Plaintiff's motion for leave to amend be GRANTED in part and DENIED in part.

I.  **BACKGROUND**

On December 22, 2016, Plaintiff filed her original Complaint (Doc. 1), alleging several claims against her former employer, Tuskegee University, and three individual

defendant administrative employees of the University. Plaintiff's claims included the following: a) "Constitutional Claims," including violations of her substantive and procedural due process rights; b) unlawful gender discrimination in employment; c) unlawful age discrimination in employment; d) "Family Medical Leave or Medical Disability Discrimination;" e) "Retaliation Discrimination;" and f) a state law claim of defamation. Doc. 1. On February 21, 2017, Defendants filed their partial motion to dismiss, submitting several bases for the dismissal of several of Plaintiff's claims for failure to state any claim upon which relief could be granted. In particular, Defendants argued that Plaintiff's constitutional claims fail because Defendants are not state actors; that Plaintiff's defamation claim fails because Plaintiff did not allege that "each Defendant published a false and defamatory statement to a third party concerning Plaintiff;" that Plaintiff's retaliation and "Family Medical Leave or Medical Disability Discrimination" claims fail because Plaintiff failed to allege sufficient factual detail to support such claims; and that Plaintiff's individual claims alleging employment or disability discrimination fail because the relevant federal statutes do not provide for individual liability. Defs.' Mot. (Doc. 11) at 1-2. Defendants also filed an answer respecting those portions of the complaint for which they did not seek dismissal. *See* Doc. 13.

On February 23, 2017, the undersigned entered an Order (Doc. 15) directing Plaintiff to show cause why Defendants' partial motion to dismiss should not be granted. After the court granted Plaintiff an extension of time to respond, *see* Doc. 17, Plaintiff's then-counsel filed a motion to withdraw and a request for another extension. Doc. 18. On

April 11, 2017, Plaintiff's successor counsel entered his notice of appearance and filed the instant motion for leave to file an amended complaint, and attached the proposed amended complaint. Doc. 25. On May 2, 2017, Defendants filed their response in partial opposition to the motion for leave to file an amended complaint. Doc. 26. On May 26, 2017, Plaintiff filed a reply in support of her motion for leave to amend. Doc. 29.

As explained by Plaintiff, the proposed amended complaint "voluntarily dismisses" several of the counts in the original complaint, including Plaintiff's constitutional claims, the "Retaliation Discrimination" claim, and Plaintiff's defamation claim. Doc. 25 at 2. The proposed amended complaint also "removes [Plaintiff's] Title VII, FMLA, and Disability claims against the individual defendants, and only pursues those claims against Defendant Tuskegee University." *Id.* The proposed amended complaint also "voluntarily dismisses" Plaintiff's age discrimination claim. *Id.* The claims presented in the proposed amended complaint are as follows: a) gender discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Count One); b) Family Medical Leave Act ("FMLA") Interference and Retaliation (Count Two); c) disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* (Count Three), and the Vocational Rehabilitation Act of 1973 ("VRA"), 29 U.S.C. § 701, *et seq.* (Count Four); d) breach of Plaintiff's employment contract (Count Five); cold and hostile working environment in violation of Title VII (Count Six); and, as to the individual defendants, conspiracy to violate Plaintiff's rights (Count Seven).

Defendants do not oppose Plaintiff's motion for leave to amend her complaint except to the extent that Defendants argue that leave to add Plaintiff's hostile work environment and conspiracy claims should be denied because such claims are subject to dismissal and, therefore, the requested amendment is futile. Doc. 26 at 3; *id.* at n.2.

## II. DISCUSSION

Plaintiff has filed a motion to amend her complaint that, except as described above, Defendants do not oppose. Defendants recognize the liberal standard for allowing amendment under Rule 15(a)(2) of the Federal Rules of Civil Procedure, *see* Doc. 26 at 3 n.2, and concede that Plaintiff's amended complaint "addresses Tuskegee's Rule 12(b)(6) objections" that were raised in the original motion to dismiss. *Id.* Because Defendants therefore acknowledge that, in most respects, Plaintiff's motion for leave to amend is due to be granted, the only question raised by the instant pleadings is whether leave to amend is futile with respect to Plaintiff's hostile work environment and conspiracy claims because those claims are purportedly subject to dismissal. *See, e.g., Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'"). As such, and because "an amended complaint supersedes the original complaint[,]" *Pacific Bell Tel. Co. v. Linkline Comm.*, Inc., 555 U.S. 438, 456 n.4 (2009), Defendants' motion to dismiss the original complaint is due to be denied as moot. The undersigned therefore turns to whether

amendment is futile with respect to Plaintiff's hostile work environment and conspiracy claims.

A.   **Hostile Work Environment Claim**

Plaintiff's proposed amended complaint alleges that Tuskegee University's actions toward her "violated her right to be free of a gender and/or disability-based cold and hostile working environment in employment, in violation of Title VII[.]"  Doc. 25-1 at ¶ 66.  In support of this claim, Plaintiff alleges that she "was consistently stressed and pressured by Defendant Bell and the University in her position . . . from January, 2016, until she ceased receiving a pay check from the Defendant University in May, 2016, and beyond.  The stress was related, at least in substantial part to Plaintiff's gender and disability . . . leading to Plaintiff's termination notice.  Said gender and disability discrimination also caused a hostile working environment."  *Id.* at ¶ 15.  Other allegations in the proposed amended complaint appear to establish that the alleged "stress" included the following: Defendant Bell's alleged attempt to "constructively dismiss" Plaintiff by advising Plaintiff, on Defendant Bell's first day as Dean of the School of Architecture and Construction Science, that Plaintiff's services as "Interim Department Head" were no longer needed (*id.* at ¶ 14); Plaintiff's receiving only one month's notice of her termination by the University (*id.* at ¶ 17); Defendants' alleged treatment of Plaintiff's "pregnancy condition as a disability with which they were uncomfortable" (*id.* at ¶ 18); alleged inadequate notice given to Plaintiff concerning the University's denial of her tenure application (*id.* at ¶ 27); that the salary commensurate with Plaintiff's position was not honored "due to the contested illegal

5

communication of March 30, 2016, from Defendant Bell" (*id.* at ¶ 32); and that Defendant Bell intentionally communicated false and defamatory statements about Plaintiff (*id.* at ¶ 34).

Defendants argue that Plaintiff's hostile work environment claim fails to state any claim upon which relief could be granted because Plaintiff did not present the claim "within 90 days of her receipt of the right to sue" and the claim does not relate back to the date she filed her original complaint. Doc. 26 at 5-6. Plaintiff argues that her hostile work environment claim is "based on the actual wording and facts set forth in her original complaint. It is part and parcel of the conduct alleged in her original complaint." Doc. 29 at 2. As examples of this purported factual identity, Plaintiff points to the original complaint's allegations that "Defendant Bell spread false statement, lies, untruths, and making defamatory statements about Plaintiff[,]" as well as the original complaint's allegations respecting the "animosity she faced in employment, to include from Defendant Bell." *Id.* at 2-3.

In pertinent part, Rule 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" "The critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted. When new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred

by limitations if it was untimely filed." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) (quotations and citations omitted).

The undersigned finds that, although the original complaint did not explicitly present a claim premised on a hostile work environment, there is no doubt that the original complaint provided Defendants with notice of the claim Plaintiff now asserts. First, Plaintiff described the cumulative conduct to which she allegedly was subjected as a "'Hostile Work Environment,'" and alleged that such was the basis for her decision to seek medical leave in 2016. Doc. 1 at ¶ 12. Furthermore, as argued by Plaintiff, the original complaint's allegations of this conduct are largely identical to what is alleged in the proposed amended complaint. For instance, Plaintiff alleged that Defendant Bell told her that her services as "Interim Department Head" were not needed (*id.* at ¶ 10), that the University denied Plaintiff's tenure application and terminated her without proper notice and adherence to the University's procedures (*id.* at ¶¶ 13, 21), that Plaintiff was denied her proper salary (*id.* at ¶ 21), and that Defendant Bell defamed Plaintiff (*id.* at ¶¶ 3, 21). While hardly a model of good organization or clarity, it is evident that, minimally, the original complaint placed Defendants on notice of the claim that Plaintiff now asserts, as the claim is predicated on the same alleged conduct described in the original complaint.

Because Plaintiff's proposed amended complaint "asserts a claim . . . that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading," it relates back to the date that Plaintiff's original complaint was filed. Because Plaintiff's original complaint was timely filed, so too is the proposed amended

complaint for purposes of Plaintiff's hostile work environment claim. Accordingly, Plaintiff's motion for leave to amend the complaint to add her hostile work environment claim is due to be granted.[1]

### B. Conspiracy Claim

Plaintiff's proposed amended complaint also alleges that "the individual Defendants Bell, Johnson, and Fermin intentionally, and on occasion with malice aforethought, conspired to aid, abet, and/or acquiesce in the Defendant University's violations of Plaintiff's rights" described in the proposed amended complaint. Doc. 25-1 at ¶ 67. Plaintiff's conspiracy claim is the only claim she alleges against Bell, Johnson, and Fermin. Defendants assert that Plaintiff's conspiracy claim is "frivolous" because Plaintiff does not "allege any allegation of a meeting of the minds between the individual defendants to discriminate against Plaintiff." Doc. 26 at 7. Defendants also argue that the intracorporate conspiracy doctrine also bars Plaintiff's conspiracy claim. *Id.* at 8. Although Plaintiff argues that the intracorporate conspiracy doctrine does not bar her claim, she does not

---

[1] In recommending that Plaintiff's motion for leave to amend be granted with respect to this claim, the undersigned concludes only that the claim is timely and, therefore, passes no judgment about whether the claim is sufficiently pleaded. Defendant's opposition appears limited only to whether the claim is timely, *see* Doc. 26 at 5, and that is as far as this Recommendation goes. Although, in the course of arguing that the claim is untimely, Defendant appears to argue that the original complaint does not present "facts supporting the essential elements of a hostile work environment claim[,]" *id.*, Defendant does not appear to argue that the proposed amended complaint lacks such allegations. For that reason, the undersigned finds it prudent to reserve resolution of that issue, should Defendant present it in an actual motion to dismiss, for a context in which the sufficiency of Plaintiff's allegations in support of her hostile work environment claim, rather than its timeliness, is squarely raised and litigated by the parties.

appear to address Defendants' argument that her claim is insufficiently pleaded. *See* Doc. 29 at 3-4.

The proposed amended complaint does not explicitly set forth the precise nature of Plaintiff's conspiracy claim. No federal or state statute is cited as providing authority for Plaintiff's claim. Ordinarily, a civil conspiracy claim is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, or Alabama common law. The court can eliminate at least two of these paths based upon the allegations appearing on the face of the complaint. Plaintiff does not allege a conspiracy pursuant to § 1983 because she does not allege that any Defendant is a state actor. *See Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000) ("To obtain relief under § 1983, [a plaintiff] must show that he was deprived of a federal right by a person acting under color of state law."). Rather, the individual Defendants are employees of "a private educational institution[.]" *See* Doc. 25-1 at ¶¶ 5-8. Merely private conduct, no matter how wrongful, is not actionable under § 1983. *See Focus on the Family v. Pinellas Suncoast Transit Auth.,* 344 F.3d 1263, 1277 (11th Cir. 2003).

Likewise, Plaintiff has not alleged a jurisdictional basis for any claim of conspiracy pursuant to Alabama common law. In the proposed amended complaint's jurisdictional allegations, Plaintiff "invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. § 1331, as an action arising under" federal anti-discrimination statutes, including Title VII, the ADA, and the VRA. Doc. 25-1 at ¶ 1. Thus, Plaintiff invokes only the court's federal question jurisdiction. No allegation is made that any claim is presented pursuant to

9

Alabama law, or that this court may exercise supplemental jurisdiction over any claim brought under Alabama law. As such, Plaintiff is not bringing a conspiracy claim pursuant to Alabama law. *See, e.g., Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the complaint must establish a federal court's jurisdiction by stating the basis of the court's jurisdiction and by pleading facts that demonstrate the existence of such jurisdiction). The only remaining potential basis for Plaintiff's conspiracy claim is § 1985(3).[2]

Any claim brought pursuant to § 1985(3) is subject to dismissal for failure to state a claim. "The only rights the Supreme Court has expressly declared enforceable against private conspirators under § 1985(3) are the right to interstate travel and the right against involuntary servitude. Conversely, the Supreme Court has declared the freedom of speech and the rights protected under Title VII insufficient to form the basis of § 1985(3) actions against private conspirators." *Jimenez v. Wellstar Health System*, 596 F.3d 1304, 1312 (11th Cir. 2010) (citations omitted). Because a violation of Plaintiff's rights under Title VII by the alleged private conspirators may not form the basis for a claim under § 1985(3), it follows that a violation of Plaintiff's rights under the ADA and the VRA similarly may not. As such, Plaintiff has not stated a claim for conspiracy under § 1985(3) for which relief could be granted.

---

[2] Sections one and two of § 1985 are clearly not applicable here. Forty-two U.S.C. § 1985(1) relates to conspiracies preventing *federal officers* from performing their duties, *see Morast v. Lance*, 807 F.2d 926, 929 (11th Cir. 1987), and § 1985(2) relates to conspiracies to obstruct justice by intimidating a witness or party in a court proceeding, *id.* at 930.

Because Plaintiff has not pleaded any fact that could establish a claim for conspiracy under § 1983 and § 1985, and because she does not allege a conspiracy claim pursuant to Alabama common law, her conspiracy claim is subject to dismissal for failure to state any claim upon which relief could be granted and, accordingly, leave to amend Plaintiff's complaint to present the conspiracy claim is due to be denied as futile.[3]

## III. CONCLUSION

For all of the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS as follows:

a) that Defendants' motion to dismiss (Doc. 11) Plaintiff's original complaint be DENIED as moot;

b) that Plaintiff's motion for leave to file amended complaint (Doc. 25) be GRANTED in part and DENIED in part;

---

[3] Even if the proposed amended complaint had adequately presented a jurisdictional basis for a conspiracy claim under Alabama law, and even if Plaintiff could pursue her conspiracy claim under § 1983 or § 1985(3), the claim would still be subject to dismissal. Defendant's opposition to Plaintiff's request for leave to amend argues that Plaintiff has failed to plead sufficient facts to establish a conspiracy claim. Doc. 26 at 7. In order to adequately allege the existence of a conspiracy, Plaintiff must allege more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* In particular, Plaintiff may not simply allege parallel conduct on the part of Defendants and pair such allegations with a conclusory claim of a conspiracy. *Id.* at 556-57 ("[A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality."). *See also Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293-96 (11th Cir. 2010) (finding allegations of conspiracy insufficient to state a claim under *Twombly*). Here, the complaint presents only the sort of conclusory and formulaic conspiracy allegations that are insufficient to state a claim, *see* Doc. 25-1 at ¶¶ 67-70, without presenting facts sufficient to plausibly allege that the individual Defendants actually agreed, beforehand, to confederate for the purpose of denying Plaintiff's rights.

c) that the court enter an order permitting Plaintiff to file her proposed amended complaint (Doc. 25-1), including Plaintiff's hostile work environment claim but excluding her conspiracy claim, and further permitting Defendant Tuskegee University to file its answer to the amended complaint or other responsive pleading within a reasonable period after Plaintiff's filing of the amended complaint; and

d) that Defendants Bell, Johnson, and Fermin be DISMISSED as parties to this action. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 4, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 20th day of September, 2017.

                                              /s/ Wallace Capel, Jr.
                                              CHIEF UNITED STATES MAGISTRATE JUDGE